**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| RODNEY S. DOGGETT,                )  | |
|     Plaintiff,                            ) | |
|                                         ) | |
| v.                                                 )  | 3:06-CV-0539-B |
|                                         ) | ECF |
| DAN JOSLIN, Warden,              ) | |
|     Defendant.                           ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

<u>FINDINGS AND CONCLUSIONS</u>:

    <u>Type of Case</u>:  This is a civil rights complaint brought by a federal prisoner.

    <u>Parties</u>:  Plaintiff is presently confined at FPC LaTuna in Anthony, Texas.  At the time of filing this action, he was incarcerated at FCI Seagoville in Seagoville, Texas.  Defendant is the Warden of FCI Seagoville.  The Court issued process in this case.

    <u>Statement of Case</u>:  On February 1, 2006, the Assistant Director for the BOP Correctional Programs Division issued a memorandum outlining new procedures for the handling of special mail, which included eliminating all outgoing special mail drop-boxes, requiring inmates to personally deliver their own outgoing special mail to a staff member for processing, requiring all outgoing special mail weighing 16 ounces or greater to be processed as a package (which requires the use of Form BP-329, "Request-Authorization to Mail Inmate Package), and

instituting electronic scanning of all outgoing special mail. (Appx. to Defendant's Mot. to Dismiss at Exh. D).

On March 21, 2006, Warden Joslin issued a memorandum informing all FCI Seagoville inmates that on March 27, 2006, new mail procedures would be implemented regarding the handling of all "special/legal mail." (*Id.* at Exh. E.). The memorandum outlined the new procedures as set out in the February 1 memorandum, except for extending the changes to all "*special/legal mail*," and for making the mailroom available for delivery of out-going special/legal mail for only one hour, from 11:30 a.m. through 12:30 p.m., Monday through Friday.

On March 27, 2006, Plaintiff filed the complaint at issue in this case to enjoin Warden Joslin from implementing the new mail policy. (Complaint at C). He alleged the new policy restricted his ability to mail legal correspondence without first obtaining permission from staff, in violation of his constitutional right of access to the courts. (*Id.* at ¶¶ C and D). Plaintiff further alleged that the new policy was implemented in retaliation for class action lawsuits filed by two fellow inmates in February and March 2006. (*Id.* at ¶ E). He sought injunctive and monetary relief. (*Id.* at ¶ L).[1]

---

[1] On April 4, 2006, the District Court denied Plaintiff's motions for a temporary restraining order and a preliminary injunction without prejudice to them being reasserted after the filing of Defendant's answer.

Plaintiff's recent transfer to FPC LaTuna renders his claims for injunctive relief moot. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (even if inmate was able to establish constitutional violation, his transfer to another prison rendered moot his claim for declaratory and injunctive relief) (citing *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991)); *Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir. 1988) (prisoners who were no longer in Retrieve Unit could not seek injunctive relief against conditions of confinement there). Any suggestion of relief based on the possibility of a transfer back to the FCI Seagoville is too speculative to warrant relief. *See Herman*, 238 F.3d at 665 (citing *Bailey v. Southerland*, 821

Following service of process, Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6), alleging Plaintiff had failed to exhaust his administrative remedies under 42 U.S.C. § 1997e(a). Thereafter, Plaintiff filed his response in opposition to the motion to dismiss.

Findings and Conclusions: Exhaustion of administrative remedies under 42 U.S.C. § 1997e(a) is mandatory and is required for any suit challenging prison conditions. *Woodford v. Ngo*, ___ U.S. ___, 126 S.Ct. 2378, 2382-83 (2006) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001)); *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004); *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003). Section 1997e(a) specifically provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The Fifth Circuit Court of Appeals has construed § 1997e(a) to require "that administrative remedies be exhausted *before* the filing of a § 1983 suit." *Wendell v. Asher*, 162 F.3d 887, 890 (5th Cir. 1998) (emphasis added). "To hold otherwise would encourage premature filing by potential litigants, thus undermining Congress' purpose in passing the PLRA, which was to provide the federal courts some relief from frivolous prisoner litigation." *Id.* at 891 (citing *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998)).[2]

---

F.2d 277, 279 (5th Cir. 1987)).

[2] Defendant's reliance on Fed. R. Civ. P. 12(b)(1) is misplaced. The exhaustion requirement is not jurisdictional. *See Wright v. Hollingsworth,* 260 F.3d 357, 358 n. 2 (5th Cir. 2001) (exhaustion requirement "is not jurisdictional and may be subject to certain defenses such as waiver, estoppel or equitable tolling").

The BOP provides inmates a three-tiered administrative remedies process for complaints related to any aspect of confinement. 28 C.F.R. §§ 542.10-542.15. Plaintiff concedes he failed to pursue any administrative remedies through the BOP's process, but argues that any such attempt would have been futile. (*See* Complaint at ¶ D, "Administrative Remedies"). Specifically, he argues that exhaustion "would clearly [have] be[en] futile to prevent the implimentation [sic] of prison's policy restricting legal mail from being sent to the courts." (*Id.*).

The Fifth Circuit has determined that "[a]bsent a valid defense to the exhaustion requirement, ... the statutory requirement enacted by Congress that administrative remedies be exhausted before the filing of suit should be imposed." *Wendell*, 162 F.3d at 890-91.

Plaintiff has raised no valid defense for failing to exhaust his administrative remedies. With respect to his argument that it would have been futile to pursue administrative remedies, the Supreme Court has noted that "we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise . . . . Here, we hold only that Congress has provided in § 1997e(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner,* 532 U.S. at 741 n. 6. *See Clifford v. Gibbs,* 298 F.3d 328, 332 (5th Cir. 2002) (noting that the current version of § 1997e(a) provides for no discretion to excuse exhaustion). The circuit courts that have addressed the issue with respect to BOP inmates, have held that there is no futility exception to the PLRA exhaustion requirement. *See Steele v. Federal Bureau of Prisons,* 355 F.3d 1204, 1209-10 (10th Cir. 2003); *Nyhuis v. Reno,* 204 F.3d 65, 71 (3d Cir. 2000); *Higginbottom v. Carter,* 223 F.3d, 1259, 1261 (11th Cir. 2000); *see also Belasco v. Haro*, 2005 WL 1521756, *2, No. 1:05-cv-

0046-C (N.D.Tex., Lubbock Div., 2005).[3]

Because Plaintiff's claims remain unexhausted, his complaint should be dismissed without prejudice for failure to exhaust administrative remedies as required by § 1997e(a). *See Wendell*, 162 F.3d at 891-92; *see also Clifford*, 298 F.3d at 333 (dismissing without prejudice for failure to exhaust administrative remedies under § 1997e(a)); *Scott v. Graham*, 54 Fed. Appx. 405 (5th Cir. 2002) (unpublished per curiam) (same); *Belasco*, 2005 WL 1521756, *2 (dismissing federal prisoner's claims without prejudice for failure to exhaust administrative remedies under § 1997e(a)).[4]

---

[3] This is not a case where the BOP's grievance procedure was unavailable to Plaintiff. *Cf. Aceves v. Swanson,* 75 Fed. Appx. 295, *296 (5th Cir. 2003) (unpublished per curiam) (citing *Days v. Johnson,* 322 F.3d 863, 867 (5th Cir. 2003)) (grievance procedure was unavailable where federal prisoner had been told that BP-9 forms would not be provided until the BP-8 forms were acted upon, the BP-8 forms were never processed, and his requests for BP-10 and BP-11 forms were refused).

[4] *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994), and *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993), which are cited in Defendant's motion to dismiss at page 6, and which addressed exhaustion of administrative remedies in the context of a habeas corpus petition under 28 U.S.C. § 2241, are inapplicable to exhaustion of administrative remedies under § 1997e(a).

5

RECOMMENDATION:

For the foregoing reasons, it is recommended that Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) be GRANTED, and that Plaintiff's complaint be DISMISSED without prejudice for failure to exhaust administrative remedies. *See* 42 U.S.C. § 1997e(a).

A copy of this recommendation will be mailed to Plaintiff and counsel for Defendant.

Signed this 5th day of December, 2006.

*Wm. F. Sanderson, Jr.*

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE


NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (<u>en banc</u>), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.